Case 2:95-cv-02743-DMC-MF Document 190 Filed 10/17/05 Page 1 of 5 PageID: 285

RECEIVED

OCT 17 2005

WILLIAM T. WALSH, CLERK

CM1832
123 Columbia Tpk., Suite 103A
Florham Park, NJ 07932
(973) 966-6311
(973) 966-6312 (facsimile)
Attorneys for Plaintiffs

---

| | |
|---|---|
| C.M., R.M., individually and on behalf of their minor child, B.M., | UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY |
| Plaintiffs, | Civil Action No. 95-02743 (DMC) |
| v. | |
| THE BOARD OF EDUCATION OF THE UNION COUNTY REGIONAL HIGH SCHOOL DISTRICT #1, Union County, New Jersey, DONALD MERACHNIK, Superintendent, in his official capacity, JOHN CHRISTIANO, Director of Special Services, in his official capacity and individually, CAROL RIEGEL, School Psychologist, in her official capacity and individually, PATRICIA HANIGAN, School Learning Disability Teacher/Consultant, in her official capacity and individually, FRANK IMBRIACO, School Social Worker, in his official capacity and individually, MARTIN MAYER, M.D., in his official capacity and individually, and LAURIE NEURODEVELOPMENTAL INSTITUTE, in its official capacity, | ORDER |
| Defendants. | |

---

This matter, having been opened to the Court by Carol Matula, Esq. from the firm of

Haber and Silver, attorneys for the plaintiffs, in the presence of Stephen Edelstein, Esq. from the firm of Schwartz Simon Edelstein Celso & Kessler, LP, on behalf of the defendants Board of Education of the Union County Regional High School District #1, Donald Merachnik, John Christiano, Carol Riegel, Patricia Hanigan and Frank Imbriaco in their official and individual capacities, and Ronald Sarno, Esq. from the firm of Johnstone, Skok, Loughlin & Lane, on behalf of defendant Martin Mayer, M.D., and the Court having considered the written submissions and argument of counsel; and good cause having been shown, and for the reasons placed on the record and with the consent of counsel,

IT IS on this 14 day of Oct. , 2005

ORDERED:

1. Within thirty (30) days from the entry of this Order, counsel for defendants Board of Education of Union County Regional District No. 1, Donald Merachnik, John Christiano, Patricia Hanigan, Frank Imbriaco and Carol Riegel (the "District Defendants") shall file with the Court a Certification from an appropriate representative of Selective Insurance Co. and the insurer for Carol Riegel a Certification from an appropriate representative of each carrier to whom student records relating to B.M. were sent by or on behalf of the District Defendants indicating (a) that no such records any longer exist in any files of that carrier in any of the cases related to this litigation filed as EDS 6389-93, EDS 7941-94, 93-5427 and 95-2743 or (b) if any such records exist, identifying such records by document and current location. If the records no longer exist, such certifications shall state what happened to B.M.'s records to the extent known. Such Certification shall also disclose, to the extent known, whether any of B.M.'s student records were sent by insurance carriers to others, identifying when and to whom any such records was sent. With respect to any student records of B.M. which may be in the possession of any carrier, no such record shall be disclosed to anyone other than counsel pending further Order of this Court.

2. Within thirty (30) days from the entry of this Order, counsel for defendant Martin Mayer, M.D. shall file with the Court a Certification from an appropriate representative of each insurance carrier to whom student records relating to B.M. were sent on behalf of Dr. Mayer indicating (a) that no such records any longer exist in any files of that carrier or (b) if any such records exist, identifying such records by document and current location. If the records no longer exist, such certifications shall state what happened to B.M.'s records to the extent known. Such Certification shall also disclose, to the extent known, whether any of B.M.'s student records were sent by insurance carriers to others, identifying when and to whom any such records was sent. With respect to any student records of B.M. which may be in the possession of any carrier, no such record shall be disclosed to anyone other than counsel pending further Order of this Court.

3. Within twenty (20) days from the entry of this Order, counsel for the District Defendants shall obtain from each of the individual defendants a Certification indicating (a) that no student records of B.M. exist in the possession of that individual or (b) if any such records do exist, identifying any such records by document and current location. Such Certification shall also disclose whether any of B.M.'s student records were sent by individual defendants to others, identifying when and to whom any such record was sent. With respect to any student records of B.M. which may be in the possession of any individual defendant, no such record shall be disclosed to anyone other than counsel for the District Defendants and all such records shall be returned to counsel for the District Defendants within 20 days after the entry of this order, to be held by counsel for District Defendants pending further order of this Court.

4. Within twenty (20) days from the entry of this Order, counsel for Dr. Mayer shall obtain from him a Certification indicating (a) that no student records of B.M. exist in his possession or (b) if any such records do exist, identifying any such records by document and current location. Such

Certification shall also disclose whether any of B.M.'s student records were sent by Dr. Mayer to others, identifying when and to whom any such record was sent. With respect to any student records of B.M. which may be in the possession of Dr. Mayer, no such record shall be disclosed to anyone other than counsel for the District Defendants and all such records shall be returned to counsel for the District Defendants within 20 days after the entry of this order, to be held by counsel for District Defendants pending further order of this Court.

5. Within thirty (30) days from the entry of this Order, counsel for the defendants shall identify anyone other than those individuals and entities named in paragraphs 1 through 4 to whom B.M.'s records were sent and shall ascertain and state whether such records remain in the possession of such individuals or entities. Counsel shall identify any records identified in this paragraph if the records remain outstanding.

6. Neither defendant nor counsel for any defendant shall disclose any of B.M.'s student records except upon further order of the Court.

7. The Clerk of the United States District Court is directed to seal any document in this matter which contains personally identifiable information related to B.M. Plaintiffs' counsel shall identify to the Clerk which documents contain personally identifiable information. Plaintiffs' counsel shall provide a list of these documents to defense counsel.

8. Any documents filed in this matter after the date of entry of this Order which contain personally identifiable information relating to B.M. shall be redacted to initials or, if redaction is not feasible, shall be filed under seal.

9. Plaintiffs' brief filed in connection with their motion to seal documents shall be sealed in accord with the terms of this order.

10. Nothing in this Order shall constitute an admission by or on behalf of any defendant that

any party is entitled to an award of counsel fees, and nothing in this Order shall constitute a determination by the Court that any party is entitled to an award of counsel fees.

_____
MARK FALK, U.S.M.J.